GUILLERMO PETTERSON, Plaintiff and Appellant, v. MIGUEL CONTRERAS PUIG ET AL., Defendants and Appellees.

No. 5237. Argued February 12, 1931.—Decided June 25, 1931.

*B. T. Pacheco* for appellant.   The appellees filed no brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The basis for the present suit is contained in a third amended complaint filed by Guillermo Petterson against Mi-

guel Contreras and his wife, Juana Ramírez, Manuel Campos and his wife, Emerciana Silva, and Ventura Mayayo. Two causes of action are exercised; one seeking the annulment of a mortgage foreclosure proceeding with a claim for damages, and another claiming a homestead. Defendants Contreras and Campos answered and contested the action. Both parties introduced evidence at the trial, and the court finally gave judgment against the plaintiff, who thereupon took the present appeal.

Only the appellant has filed a brief or appeared at the hearing of the appeal. His brief so fails to comply with the rules of this Court, that the appeal ought to be dismissed. However, we have preferred to exercise our discretion and to examine the case on the merits. The transcript is complete.

The plaintiff owned a house and lot in Santurce which he mortgaged to Miguel Contreras and his wife to secure the sum of three hundred dollars that he had borrowed from them. Subsequently he mortgaged the same property to Josefa Soto for five hundred dollars, to Manuel Campos for four hundred dollars, and to Ventura Mayayo for eight hundred dollars. Additional sums were secured in these four cases for the payment of interest and costs.

In order to recover the amount of their credit, Contreras and his wife brought foreclosure proceedings which ended with the sale of the property at public auction. Campos purchased the property and Mrs. Soto also recovered the amount of her mortgage. Then Mayayo bought it from Campos and paid him what he had disbursed.

At this stage, Petterson brought the present suit against Contreras, Campos, and Mayayo, as already stated. The following were the grounds of nullity alleged: (1) That the original complaint failed to allege that the obligation had matured or to specify the liquid and certain amount of the interest charged; (2) that no notice of the writ demanding

payment was served on the subsequent creditors; (3) that no copy of the mortgage deed or of the certificate of the registrar was delivered to the mortgage debtor, nor did the marshal in serving on him the demand for payment, warn him that if he failed to pay the amounts claimed within thirty days his property would be sold; (4) that no attachment was levied on the mortgaged property prior to its sale; and (5) that the claim was prematurely enforced, as the time for payment specified in the deed had been orally extended.

We will first consider the fifth ground. According to the documents submitted, the mortgage credit was enforced after the debt had become due; but the plaintiff herein alleged and testified, his testimony being supported by one of his sons, that creditor Contreras had verbally extended the time for payment, and that at the time said creditor resorted to the court such extension was still in force. Contreras denied this in his answer and reiterated such denial at the trial. The court adjusted this conflict in the evidence adversely to the contention of the plaintiff, and there is no showing that in doing so it acted under the influence of passion, prejudice, or partiality. Hence the ground thus urged can not be sustained.

The first ground is not well-founded either. In the original complaint filed on November 25, 1924, it was alleged that the mortgage credit for three hundred dollars was constituted on April 4, 1922, and became due on April 14, 1923, with interest thereon at one per cent monthly secured up to $25, and that neither on the date such credit became due nor at any other time had the debtor paid to the creditor either the principal or the secured interest up to $25, although said interest exceeded the latter sum. Therefore, the claim was enforceable at the time of the filing of the initial petition, and it so clearly appeared from the allegations set forth therein.

In order to show that the third and fourth grounds are

without merit, it will suffice to transcribe the following from the opinion of the trial judge:

"Neither the Mortgage Law nor the Regulations require the delivery to the defendant of a copy either of the instrument evidencing the credit or of the certificate of the registrar. These should be filed with the initial petition in the proceeding, and if upon an examination of such petition and the documents exhibited the judge holds that the legal requirements have been complied with, he shall then authorize the issuance of a writ demanding payment of the amount claimed to be made within a period of 30 days, with a warning that upon the failure to do so the mortgaged property will be sold at auction. Sections 169 and 170 of the Regulations. All this was done in the instant case, as appears from the record, and in serving the notice upon the debtor the marshal not only delivered to him a copy of the initial petition, of the decision or order of the court, and of the writ issued, but also read out the latter to the defendant, and both in the writ and in the order there is stated what would happen to the defendant in case of his failure to pay. The demand for payment in a foreclosure proceeding is equivalent to the summons in an ordinary action. Mestre et al. v. Michelena et al., 30 P.R.R. 142. The purpose of the law was substantially complied with in the instant case.

"Granting that the marshal had not previously attached the property subject to execution, this was not a necessary requisite to give the court jurisdiction. Menéndez v. Cobb et al., 28 P.R.R. 725; Trueba et al. v. Martínez et al., 33 P.R.R. 446; Thyboe et al. v. San Juan Fruit Co., et al., 36 P.R.R. 804."

The only defensible ground is the second, but it has not the importance attached to it by the plaintiff.

It is true that the judge, in authorizing the issuance of a formal demand for payment, failed to order that the same be notified to subsequent creditors residing in San Juan who were mentioned in the certificate from the registry, and that the names of such creditors were not stated in the published summons, all of this in contravention of sections 171 and 172 of the Mortgage Regulations. But, as stated by the trial judge—

"Failure on the part of a foreclosing creditor to serve notice on subsequent mortgage creditors in foreclosure proceedings is merely

a curable defect. Voight v. Registrar, 2 *Sentencias de Puerto Rico,* 145. The position of a junior mortgagee is different from that of the principal debtor. Arvelo et al. v. Banco Ter. y Agr., 25 P.R.R. 677, 690. The purpose of serving notice of the writ is to permit such persons interested, who have been mentioned, to attend the public sale should they so desire (Fernández & Co. v. Ramírez, 8 P.R.R. 94, 100), so that junior mortgages may be canceled (Montes de Oca v. Báez et al., 23 P.R.R. 656).

"In the case at bar the public auction was advertised in the newspaper 'La Correspondencia', published in San Juan, in the issues for December 31, 1924, and January 7, 14, and 21, 1925, to take place on the 22nd of the same month of January, and subsequent creditors . . .had notice of the auction, since it appears from the evidence that several bidders were present, among them, Manuel Campos, married to Emerciana Silva, and a junior creditor in the sum of $500 to whom there was awarded the property for $900. Out of this amount there was paid the $300 claim of the foreclosing creditor and also $500 to Josefa Soto Valentín, another junior creditor (not a party to the present action), who had also instituted foreclosure proceedings for the recovery of her claim, as appears from the testimony of Miguel Contreras and of Manuel Campos. As regards the other mortgage creditor, Ventura Mayayo, he is the present owner of the property, by purchase from Manuel Campos under a conveyance executed on March 14, 1925, or the same day on which the marshal's deed to Campos was executed; and he seeks no relief in the present suit."

The foregoing disposes of the first cause of action. If the proceeding was not void, it is not necessary to go into an examination of the evidence in regard to damages. But even considering such evidence, it would be hard to find any justification for awarding them. The evidence in regard to the value of the house and lot is conflicting. The plaintiff testified that it was worth $6,000 while other witnesses testified that it was worth only $2,500. We already know the four mortgages which encumbered it.

As regards the second cause of action, the trial court confined itself to the statement that it would not make "any pronouncement thereon because it had no jurisdiction, since the amount involved does not exceed $500. *Arroyo* v. *District*

*Court et al.,* 38 P.R.R. 9; *Ducheny* v. *District Court,* 38 P. R.R. 12; *Hedilla* v. *Monagas et al.,* 38 P.R.R. 24.'' Its conclusion was correct.

The judgment appealed from must be affirmed.